UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:11cr194(SRU) |
| | : | |
| DAVID ALVARADO | : | January 9, 2013 |

**GOVERNMENT'S RESPONSE TO BRIEF OF *AMICUS CURIAE***

The Government respectfully files this memorandum in response to the brief of *amicus curiae* filed on January 4, 2013 by the Federal Defender. In short, his brief fails to acknowledge that binding Second Circuit precedent has held that non-generic burglary categorically qualifies as a crime of violence under the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court's expansive reading of the residual clause supports the Second Circuit's view. The Federal Defender's extensive description of cases analyzing the listed crime of burglary in the first clause of § 924(e)(2)(B)(ii), the "generic-burglary" clause, has no bearing on the analysis of this statute under the separate, residual clause.

**I.     THE CASES RELIED UPON BY THE FEDERAL DEFENDER DO NOT INVOLVE THE RESIDUAL CLAUSE**

The Federal Defender over-reads cases that involve only the "generic burglary" clause of § 924(e)(2)(B)(ii) to also apply to the residual clause. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" applies to conduct that

(i)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of injury to another.

18 U.S.C. § 924(e). The Supreme Court and Second Circuit have made it clear that the determination as to whether a statute categorically qualifies under the listed offense of

"burglary," – the "generic-burglary" clause – requires a different analysis than if that same statute categorically qualifies as an involving "conduct that presents a serious potential risk of injury to others," – the "residual clause."  The Government concedes that the Connecticut Third Degree Burglary does not categorically qualify under the generic-burglary clause.[1]

The Federal Defender cites several cases holding that non-generic burglary statutes do not qualify as violent felonies under the generic-burglary clause.  However, he mischaracterizes those cases as standing for the same proposition under the residual clause.  For example, the Federal Defender cites two Supreme Court cases, *Shepard v. United States,* 544 U.S. 13 (2005) and *Taylor v. United States*, 495 U.S. 575 (1990), for the position that non-generic burglary offenses can <u>never</u> qualify as a violent felony under 18 U.S.C. § 924(e).[2]  *See i.e. amicus brief*, at 5 and 11 ("[T]he Supreme Court has construed [the term 'violent felony'] in 18 U.S.C. § 924(e) to require a generic burglary – that is, a burglary 'committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle.' . . . First, <u>Shepard</u> rejected the notion that non-generic burglaries fall within the ACCA.").   However, the Federal Defender substantially over-reads the scope of *Shepard* and *Taylor*, as neither addressed the residual clause.

The issue the Supreme Court resolved in *Shepard* was evidentiary.  Specifically, the Supreme Court in *Shepard* only addressed how the Government must prove whether a crime

---

[1] The Federal Defender also spends a significant amount of time analyzing this case under the modified categorical approach.  *See Amicus Brief* at 2-10.  The Government does not dispute that it is unable to rely on the plea transcripts to narrow the scope of the statutory charge.  However, since this statute categorically qualifies under the residual clause, it is not necessary to rely upon the modified categorical approach.

[2] Given that the Federal Defender seems to acknowledge that the New York statute for Third Degree Burglary reaches some vehicles and non-dwellings, *see amicus brief*, at 11-12 – and is thus a non-generic burglary statute - it is impossible to reconcile this over-expansive reading of *Shepard* and *Taylor* and the Second Circuit's holding in *United States v. Brown*, 52 F. 3d 415 (2d Cir. 1995).

qualified under the "generic burglary" clause under § 924(e)(2)(B)(ii).  It did not address whether non-generic burglaries categorically qualify under the residual clause of the provision; it did not address the residual clause at all.  Further, *Shepard* resolves an evidentiary issue in regards to implementing *Taylor*'s holding that the listed crime of "burglary" in the first clause of 18 U.S.C. § 924(e)(2)(B)(ii) was limited to "generic burglary."  *See Shepard*, 544 U.S., at 16-17 (citing *Taylor*, 495 U.S. at 599).  And *Taylor* limited its analysis and its holding to the first clause, the generic burglary clause of § 924(e)(2)(B)(ii).  In fact, *Taylor* explicitly left open the question as to whether other burglaries could qualify as predicate offenses under the residual clause:

> Our present concern is only to determine what offenses should count as 'burglaries' for enhancement purposes.  The Government remains free to argue that any offense – including offenses similar to generic burglary – should count towards enhancements as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another' under § 924(e)(2)(B)(ii).

*Taylor*, 495 U.S. at 600, fn. 9.  In short, *Taylor*'s holding and analysis explicitly excluded the residual clause; *Shepard*'s answered an evidentiary issue regarding how to implement *Taylor*'s limited holding on the generic burglary clause.  Neither case analyzed non-generic burglary statutes in regards to the residual clause of § 924(e)(2)(B)(ii) and neither holding is controlling in the case at bar.

Similarly, the Federal Defender misreads the Second Circuit's holding in *United States v. Escalera*, 401 Fed. Appx. 571 (2d Cir. 2010).  *See amicus brief*, at 14-15.  In that case, the Second Circuit noted that the definition of building in the Third Degree Burglary statute includes places not covered by generic burglary and did not qualify as a predicate offense, but only under the generic-burglary clause.  *Escalera*, 401 Fed. Appx. at 573.  The Second Circuit in *Escalera* did not overrule its holding in *Brown* that a non-generic burglary statute categorically qualified

3

under the residual clause. *Escalera* does not analyze that residual clause at all, nor does it cite the lengthy section of *Brown* that discusses the residual clause. In fact, it only cites page 265 of the *Brown* opinion -- the part of that case where the Second Circuit acknowledges that the New York Third Degree Burglary statute is too broad to fit within the generic-burglary clause. *Brown*, 514 F. 3d at 265. After page 265, the Second Circuit in *Brown* then focused on the inherently dangerous nature of the offense and explicitly rejected the argument that the broader definition of "building" prevented the statute from qualifying as a crime of violence under the residual clause. *Id.*, at 267-68. *Escalera* does not stand for any proposition other than that Third Degree Burglary is broader than generic-burglary. As such, the Federal Defender's reliance on it is misplaced.[3]

In short, each case relied upon by the Federal Defender analyzed the offense in question only under the generic-burglary clause of § 924(e)(2)(B)(ii). None of those cases addressed whether non-generic burglary statutes categorically qualify under the residual clause, the issue at hand in this case. In fact, *Taylor* explicitly left open that question. *Taylor*, 495 U.S. at 600, fn. 9. And the Second Circuit answered it when it held that New York's non-generic Third Degree Burglary statute so qualifies under the residual clause. *See Brown*, 514 F. 3d at 265.

## II.   THE SECOND CIRCUIT AND SUPREME COURT HAVE ACTUALLY ANALYZED THE RESIDUAL CLAUSE

Despite the Federal Defender's reliance on cases that do not involve the residual clause, both the Second Circuit and Supreme Court have provided detailed analysis of this part of §

---

[3] Similarly, the Federal Defender refers to the Government's position in *United States v. Roy*, 3:07cr145 (EBB). *See amicus brief*, at 10, fn 4. However, in that case the Government conceded only that Third Degree Burglary is not generic-burglary. The Government in *Roy* neither raised nor conceded the issue of whether this statute categorically qualified under the residual clause.

4

924(e)(2)(B)(ii).[4]  The most clearly analogous binding precedent to this case is *Brown*, 514 F. 3d 256 (2d Cir. 2008), in which the Second Circuit discusses in detail whether a non-generic burglary statute categorically qualifies as a predicate offense under the residual clause.  In that case – as in the case at bar - the defendant argued this statute should not categorically qualify as a crime of violence because the definition of "building" in the statute is too broad to qualify as a generic burglary.  *Id.*, at 262.  The Second Circuit agreed with the defendant that the Third Degree Burglary statute "does not categorically fit" within the generic-burglary clause of § 4B1.2(a)(2)'s definition of a crime of violence because of its broader definition of "building." *Id.*, at 265.  However, the Second Circuit ultimately rejected that defense argument and held that the New York statute for Third Degree Burglary, a non-generic burglary statute, qualified as a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2).  *Id*., at 268.[5]

Rather than holding that non-generic burglaries can never qualify as predicate offenses, as suggested by the Federal Defender, *see amicus brief*, at 5 and 11, the Second Circuit analyzed the residual clause and the risk of injury inherent in committing the crime of Third Degree Burglary.  "[G]uided by the Supreme Court's decision in *Taylor*" the Second Circuit noted the "crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate."  *Brown*, 514 F. 3d at 267,

---

[4] In the January 7, 2013 Supreme Court argument of *Descamps v. United States*, Docket No. 11-9540, Justice Breyer explained the importance of the residual clause, "[T]hese are really empirical questions, is this dangerous or not. . . And the question is, is that crime otherwise – present a serious potential risk of physical injury? . . . and the reason we have 'or otherwise' [in the residual clause] is because Congress does know that the number of state statutes that are sort of like something but not completely like something is in the thousands.  And so that's why they put in "or otherwise."  *See* January 7, 2013 transcript, Gov't Ex A, at 11-13.

[5] The Second Circuit noted that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) was identical to the residual clause in § 4B1.2(a)(2), requiring a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id*., at 268.

*quoting Taylor*, 495 U.S. at 588.  The Second Circuit then noted the Supreme Court's holding in *James v. United States*, 126 S.Ct. 1586, 1597-98 (2007) that attempted burglary of a "structure" categorically qualified as a violent felony under the residual clause because of "the possibility of a face-to-face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander." *Brown*, 514. F. 3d, at 267 (*quoting James*, 127 S. Ct. at 1594). At no point in its analysis of the residual clause did the Second Circuit express any reservations regarding the statute's non-generic definition of "building."  Rather, its analysis focused on the possibility of the dangerous face-to-face confrontations described in *Taylor* and *James*. Ultimately, the Second Circuit held that this non-generic burglary statute involved conduct that included the possibility of such confrontations and thus "inherently involves a risk of personal injury." *Brown*, 514 F. 3d at 268.  Accordingly, the non-generic statute of New York's Third Degree Burglary categorically qualified as a crime of violence under the residual clause. *Id.*, at 269.

The Federal Defender attempts to distinguish this binding Second Circuit decision by arguing that the New York and Connecticut Third Degree Burglary statutes are so different that *Brown* does not apply.  *See amicus brief, at 11-13*.  However, the differences between the two statutes are legally insignificant.  Neither statute is a generic burglary statute.  Although the Connecticut statute may reach more vehicles, the New York statute clearly reaches vehicles as well.  N.Y. Penal § 140.00(2) defines "building" in part to include "vehicle or watercraft used in overnight lodging of persons . . . or an inclosed motor truck, or an inclosed motor truck trailer." In *People v. Ruiz*, 502 N.Y. 2d 855 (1986), the New York Supreme Court Appellate Division upheld a conviction under the New York statute after the defendant entered a parked van used to transport people and materials to a jobsite and held that this van qualifies as a building.  In

*People v. Mincione*, 66 N.Y. 2d 995, 997 (1985), the New York Court of Appeals upheld a conviction under the New York statute after the defendant entered a commercial van used primarily to transport workers, materials and tools and held that this van "meets the statutory definition of a building."  The difference, if any, between the vans found to be buildings under the New York statute and vehicles in the Connecticut statute is immaterial.

Further, whatever difference does in fact exist between the two statutes was not pertinent to the Second Circuit's holding in *Brown*.  The Second Circuit did not find the New York statute categorically qualified as a violent crime because its definition of "building" was only somewhat broader than the one used for generic burglary.  In fact, it rejected the defendant's invitation to focus on the statute's definition of building as it relates to generic burglary.  *Brown*, 514 F. 3d at 262.  Instead, the Second Circuit focused on the risk the offense creates of a "face-to-face confrontation between the burglar and a third party – whether an occupant, a police officer, or a bystander," *Id.*, at 267 (quoting *James*, 127 S. Ct. at 1594).  The New York and Connecticut statutes have largely similar definitions of "building" and share this inherent risk of confrontation and physical injury, even where the definitions differ.  *See e.g. United States v. Sun Bear*, 307 F.3d 747, 752-53 (8th Cir. 2002) (describing risks of confrontation when a person enters another's vehicle "a time when he is likely to encounter a returning driver or passenger, a passerby, or a police officer, any of whom may be intent on stopping the crime in progress.")  The Supreme Court recently used a similar analysis in examining the residual clause in *Sykes v. United States*, 131 S.Ct. 2267, 2270 (2011).  The Supreme Court, taking an expansive view of the residual clause, again focused on whether a crime is "dangerous because it can end in confrontation leading to violence."  *Id*, at 2273.  The Supreme Court ultimately concluded that intentional vehicular flight is a crime of violence under the residual clause because of the risks

that conduct presents to other drivers, pedestrians, and pursuing officer.  *Id.* 131 S.Ct. at 2273-2275.  This analysis mirrors the Second Circuit's consideration of the risks inherent to Third Degree Burglary.  *See Brown*, 514 F. 3d at 267 (burglary "is an offense that inherently poses a risk of physical injury to victims, bystanders, and law enforcement personnel.").

Understandably, the Federal Defender asks the Court to rely on the more limited Supreme Court holding in *Begay v. United States*, 128 S. Ct. 1581, 1586 (2008), *see amicus brief* at 16-17.  However, the *Sykes* court specifically limited the *Begay* holding to crimes lacking a *mens rea* requirement.  *See Sykes*, 128 S. Ct. at 2275-76  ("The phrase 'purposeful, violent and aggressive' [in *Begay*] has no precise textual link to the residual clause . . . *Begay* involved a crime akin to strict liability, negligence and reckless crimes; and the purposeful, violent, and aggressive formulation was used in that case to explain the result.")  The felony at issue here is not a strict liability, negligence, or recklessness crime and, as such, the analysis of the residual clause employed by *Sykes* and *Brown* controls.

*Sykes* also supports the use of statistics regarding the risk of dangerous confrontation and injury, indicating that rates as low as 4 percent can be indicative of an offenses' inherently dangerous conduct.  *See Sykes*, 131 S. Ct. at 2274 (stating that "Although statistics are not dispositive," a statistical analysis showing a 4 percent rate of injuries in cases of intentional flight from law enforcement officers supported the conclusion that that offense qualified under the residual clause as a violent felony).  The review of recent Connecticut state cases involving convictions for Third Degree Burglary described in the Government's original sentencing filing resulted in 42 percent of those cases involving a potentially dangerous confrontation and over 9.5 percent resulted in injury.  The Federal Defender tries to limit the statistical analysis to only burglary of vehicles, rather than entire actual statute.  *See amicus brief*, at 17.  However, the

8

issue at hand is not whether the burglary of a car is a violent felony – it is whether a statute that reaches vehicles as part of its definition of building so qualifies under the residual clause.[6]  Both recent Supreme Court analysis and binding Second Circuit precedent analyzing another similar, non-generic burglary statute indicate that it does.

## III.    Conclusion

Third Degree Burglary is an inherently dangerous crime that carries serious potential risk of confrontation and physical injury to others.  The Federal Defender's reliance on cases that analyze the generic-burglary clause in 18 U.S.C. § 924(e)(2)(B)(ii) is misplaced, as this case revolves around that statute's residual clause.  The Supreme Court's analysis of the residual clause and the Second Circuit's precedent regarding a very similar New York statute indicate that convictions under Connecticut's Third Degree Burglary statute categorically qualify as violent felonies.  Therefore, the Government respectfully requests that the Court find that convictions under Connecticut's Third Degree Burglary statute categorically qualify as violent felonies under the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii)

Respectfully submitted,

DAVID B. FEIN
UNITED STATES ATTORNEY
/s/ *Jonathan S. Freimann*
JONATHAN S. FREIMANN
ASSISTANT UNITED STATES ATTORNEY
450 Main St. # 328
Hartford, CT 06103
(860) 947-1101
Federal Bar No. phv02386

---

[6] It is worth noting that out of the 21 reported cases over the past five years, only one involved a vehicle. *See State v. Rosario*, 118 Conn. App. 389, 392, 984 A.2d 98, 100 (2009).  Nonetheless, in that case, after defendant stole a CD case from a vehicle he was confronted by a witness, and was chased down the street by the victims – precisely the type of inherently dangerous confrontation the Second Circuit described in *Brown*.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 9, 2013, a copy of the foregoing was sent via email to

William H. Paetzold, Esq.
2230 Main Street
Glastonbury, CT 06033

Terence Ward, Esq.
Federal Public Defender
10 Columbus Boulevard, Floor 6
Hartford, CT 06106-1976

Ms. Meghan D. Nagy
United States Probation Officer
United States Probation Office
157 Church Street, 22nd Floor
New Haven, CT 06510

/s/ *Jonathan S. Freimann*
_____
JONATHAN S. FREIMANN
ASSISTANT UNITED STATES ATTORNEY

10